IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FLAT CREEK TRANSPORTATION, LLC, *an Alabama limited liability company*, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 1:16-CV-876-WKW<br>) (WO) |
| FEDERAL MOTOR CARRIER SAFTEY ADMINISTRATION, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

# **ORDER**

Before the court is the motion for preliminary injunction (Doc. # 25) filed by Plaintiff Flat Creek Transportation, LLC. Plaintiff seeks the following injunctive relief against Defendants: (1) that the court "enjoin and prevent Defendants, including specifically Defendant [Federal Motor Carrier Safety Administration ("FMCSA")] and any of its agents, including but not limited to Special Agent Wade Houghton, from conducting [on-site compliance review] of Plaintiff . . . recently scheduled to commence on March 7, 2017" (Doc. # 25 at 2 ¶ (1)); and (2) that the court "enjoin Defendants . . . from conducting or pursuing any further compliance or enforcement intervention action of any kind or character against Plaintiff . . . until this court can rule on the merits of Plaintiff's claims." (Doc. # 25 at 2 ¶ (2).)

At the March 13, 2017 preliminary injunction hearing, and in its filings,

Plaintiff has made clear that it seeks injunctive relief on grounds that the methodology used to select it for a compliance review[1] is flawed. (*See, e.g.,* Doc. # 25 at 12 ¶ 23 ("As pled in its Complaint, Flat Creek contests the FMSA's demonstrably flawed methodology for purportedly identifying 'high risk' motor carriers . . . for the purpose of prioritizing motor carriers for compliance interventions. Hence, Flat Creek similarly contests, rejects and denies the FMSA's unfair labeling of Flat Creek as a 'high risk' carrier and the unwarranted prioritizing of Flat Creek for compliance intervention - which, again, is currently being improperly utilized as a pretext by the FMCSA to illegally target Flat Creek for the purpose of putting Flat Creek out of business.").)

Further, Plaintiff seeks an injunction against any enforcement action, including issuance of an operations-out-of-service order ("OOOS" order) because Plaintiff fears that any such enforcement action would effectively put it out of business before it could pursue administrative remedies challenging the order.

Having reviewed the motion and considered the parties' arguments at the preliminary injunction hearing, the court concludes that it cannot grant the requested relief without either reviewing the validity of Defendant FMCA's internal rules for identifying "high risk" motor carriers which led to the selection of Plaintiff for a compliance review, or enjoining Defendant FMCA from issuing final enforcement

---

[1] At the preliminary injunction hearing, Plaintiff contended that the notice informing Plaintiff of the compliance review and of its obligation to cooperate with that review constituted a final order of Defendant FCMSA.

orders against Plaintiff. The Hobbs Act, 28 U.S.C. § 2342, vests original jurisdiction in the court of appeals

> to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all rules, regulations, or final orders of the Secretary of Transportation issued … pursuant to part B or C of subtitle IV, subchapter III of chapter 311, chapter 313, or chapter 315 of title 49.

28 U.S.C. § 2342(3)(A).

All of the following are "rules, regulations, or final orders of the Secretary of Transportation issued … pursuant to part B or C of subtitle IV, subchapter III of chapter 311, chapter 313, or chapter 315 of title 49:" FMCSA's obligation to develop a data system and procedures to support its safety and regulatory activities, *id.* at § 31106, its right to inspect records via a compliance review *id.* at § 14122, and its authority to issue an OOOS order, *id*. at 521(e)(2)(B)(i);[2] 49 C.F.R. § 386.72.[3] Accordingly, the court of appeals has exclusive jurisdiction to provide the requested injunctive relief.

Therefore, it is ORDERED that the motion for preliminary injunction (Doc. # 25) is DENIED.

DONE this 13th day of March, 2017.

                                                     /s/ W. Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[2] 49 U.S.C. 521(e)(2)(B)(i) allows the Secretary of Transportation to impose penalties on, and place out of service, a motor carrier that fails to permit inspections of records or property in accordance with 49 U.S.C. § 14122.

[3] 49 C.F.R. § 386.72 is a regulation issued pursuant to 49 U.S.C. chapters 141, 311, 313, and 315, among other statutes.